UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-07858-PA-JC<br>2:22-cv-02425-PA-JC | Date | December 10, 2024 |
|---|---|---|---|
| Title | Marissa Hernandez v. Michael Ly, et al.<br>Samuel Nicholas v. City of West Covina, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:   Attorneys Present for Defendant:

none   none

**Proceedings:**   (IN CHAMBERS)

**ORDER (1) DIRECTING DEFENDANT COUNTY OF LOS ANGELES TO FILE FURTHER STATUS REPORTS; AND (2) TO SHOW CAUSE WHY IT SHOULD NOT BE SANCTIONED FOR FAILURE TO COMPLY WITH COURT ORDER**

Nearly a year ago – on December 27, 2023 – the Court modified the schedule in both of the above-cases based on the parties' representations that there was a need to petition the State Juvenile Court and to obtain pertinent records – a process the parties estimated would take approximately *six months* – and the potential need to conduct further discovery once the state records had been obtained.

On August 20, 2024, Defendant County of Los Angeles ("Defendant") filed status reports in both cases in which it advised the Court that defense counsel had been informed that the records in issue should be ready *the following week* and that, in anticipation of the same, defense counsel would prepare and, on August 26, 2024, would circulate a Stipulation and Proposed Order for review by the parties regarding the dissemination of the materials along with a protective order and, that such Stipulation and Proposed Order, once reviewed and agreed upon by the parties, would be submitted to the Court for approval. However, no such proposed protective order or stipulation has ever been presented to the Court.

On November 20, 2024, the Court again directed Defendant to file a further status report and on November 29, 2024, granted Defendant's request to extend the deadline to do so to December 4, 2024. In granting such extension, the Court also ordered Defendant concurrently to submit an appropriate Proposed Order directing those with custody of the records in issue to produce them forthwith if Defendant had not received the records by December 4, 2024.

///

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-07858-PA-JC<br>2:22-cv-02425-PA-JC | Date | December 10, 2024 |
|---|---|---|---|
| Title | Marissa Hernandez v. Michael Ly, et al.<br>Samuel Nicholas v. City of West Covina, et al. | | |

      On December 9, 2024, Defendant filed a status report indicating that Defendant's counsel had been informed by a representative of the Office of County Counsel at the Juvenile Court that such entity was "halfway done with the redactions" and would be providing the records to Defendant's counsel "on a rolling basis starting December 16, 2024." Such status report does not indicate when the "rolling" production will be complete. Suffice to say, particularly given the history of this matter and the prior representations that the records would be produced within six months of December 2023 (*i.e.*, by June 2024), and then in August 2024, the status report does not instill confidence that the production of records will be complete any time soon. The Court further notes that Defendant's latest status report fails to comply with the Court's directives in at least two respects: (1) it was filed five days late without leave of court or any indication of good cause to excuse its late filing; and (2) it was not accompanied by a Proposed Order directed to the entity with custody of the records in issue to produce them forthwith.

      In light of the foregoing, IT IS HEREBY ORDERED that by no later than **December 17, 2024**: (1) Defendant shall file an updated status report updating the Court as to its receipt of the records in issue; (2) if the production of records has not been completed by December 17, 2024, Defendant shall submit an appropriate Proposed Order directing those with custody of the records in issue to complete the production by not later than December 30, 2024; and (3) Defendant shall show good cause in writing why the Court should not impose monetary sanctions in the amount of $1000 ($500 for each case) against it based upon its failure to comply with the Court's order directing it to file a status report by December 4, 2024, and – given its non-receipt of the records in issue by December 4, 2024 – its failure to comply with the Court's order directing it to submit a Proposed Order directed to the entity with custody of the records in issue to produce them forthwith.

      IT IS SO ORDERED.